# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **DAYRON T. JOHNSON**, ) | |
| ) | |
| Movant, ) | |
| ) | Civil No. 09-00830-CV-W-ODS-P |
| v. ) | Crim. No. 05-00029-03-CR-W-ODS |
| ) | |
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Respondent. ) | |

## GOVERNMENT'S RESPONSE AND SUGGESTIONS
## IN OPPOSITION TO MOVANT'S MOTION FOR DISCOVERY

The respondent, the United States of America, respectfully requests that this Court deny the motion seeking discovery filed by the movant, Dayron T. Johnson, in the proceedings seeking to vacate his conviction. The Government provides the following suggestions in opposition to Johnson's motion:

### I. Procedural History

Johnson was convicted of federal drug and firearm violations, and was sentenced to life imprisonment. Johnson appealed, and his conviction and sentence were affirmed. *United States v. Brandon*, 521 F.3d 1019, 1025-27 (8th Cir. 2008). Johnson sought a petition of certiorari, which was denied. *Johnson v. United States*, 129 S.Ct. 314 (2008). Johnson has now filed a motion, pursuant to § 2255, seeking to vacate his conviction and sentence.

In that motion, Johnson claims he was misadvised during the pretrial stage concerning the ramifications of rejecting a plea agreement from the Government. Johnson alleges that: the Government offered him a plea deal to 25 years' imprisonment; that defense counsel

advised him that he would receive a sentence of 25 years' imprisonment, should he be found guilty at trial; and that Johnson rejected the plea offer based on the erroneous estimate of the sentence.

The Government responded that no plea offer was made to Johnson. As part of that response, the Government included an affidavit from Susan Dill, the defense attorney who represented Johnson at trial. In the affidavit, Ms. Dill stated that the Government had not made any plea offers during her representation of Johnson. Ms. Dill further stated that she had reviewed the notes she received from Johnson's previous defense attorney, and found no reference to any plea offers in those notes.[1] In that affidavit, Ms. Dill does not describe the content of the notes or the length and quality of the notes.

Johnson has now filed a motion in which he requests that this Court issue an order requiring that those notes be turned over to Johnson as discovery.

## II. Suggestions in Opposition

This Court should deny Johnson's motion. The notes that Johnson requests are not in the possession of the Government. Nor has the Government reviewed the notes. Johnson's claim of ineffective assistance of counsel has waived privilege with regard to any information in his defense attorneys possession as it relates to those specific claims. *See, e.g.*, *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and

---

[1] Johnson was represented by Robin Fowler prior to Ms. Dill's representation.

ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence"). However, the notes may contain information that would not be considered waived by Johnson's claims. Therefore, the Government believes it would be problematic at best, and unethical at worst, to request those notes in order to provide them in discovery to Johnson.

Second, Johnson has failed to demonstrate that the notes are necessary to the resolution of the instant claim. "'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.'" *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2003) (quoting *Bracy v. Gramely*, 520 U.S. 899, 904 (1997)). Pursuant to Habeas Corpus Rule 6(a), "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." In order to show "good cause" under Rule 6(a), a petitioner must provide the Court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-909; *see also Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (movant must show that the discovery is necessary to resolve "a pending, nonfrivolous case").

A Court's denial of discovery is discretionary and turns on whether the requested discovery is indispensable to a fair, rounded development of the material facts." *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996). A movant's failure to specifically state what will

-3-

Case 4:09-cv-00830-ODS   Document 21   Filed 02/19/10   Page 3 of 6

be revealed by the records, or to demonstrate how the records will help prosecute a § 2255 motion, is fatal to a discovery claim. *Dyer v. United States*, 23 F.3d 1421, 1424 (8th Cir. 1994); *Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980). Mere speculation that the discovery may be exculpatory or aid in the claims does not establish good cause for a discovery request. *Strickler v. Greene*, 527 U.S. 263, 286 (1999). Courts should not allow prisoners to use federal discovery when the petitioner has not set out specific allegations which require discovery to litigate, or for fishing expeditions, or upon mere speculation. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Johnson has not stated what will be revealed by the notes in issue. Johnson merely asserts, without any factual basis or discussion, that the notes are necessary to his response. Johnson has failed to demonstrate "good cause" that the notes are material to and will aid in the resolution of his claim. Indeed, based on Johnson's claim, it seems that the notes are not relevant, and that Johnson is attempting to use the discovery rules as a fishing expedition.

Any case notes passed to Ms. Dill by Mr. Fowler could not possibly have any bearing on Ms. Dill's performance as defense counsel. While Johnson's affidavit is circumspect regarding the dates, times, and locations of conversations concerning the alleged Government plea offer, Johnson is very specific that it was Ms. Dill with whom he communicated and who advised him to reject the alleged offer. The affidavits of Johnsons's other affiants,

-4-

similarly circumspect regarding the dates, times, and locations, are specific that it was Ms. Dill with whom they met prior to trial.[2]

The Government and this Court normally has no involvement in a defendant's request for documents, from his own criminal file, from his former defense attorney. Many defense attorneys will provide their former clients with copies of documents upon request, either for free or for a nominal copy fee. However, the Government objects to Johnson's attempt to utilize the rules of discovery to demand documents that are clearly neither relevant nor material to the claims at hand. Johnson should not be permitted to use the discovery rules to seek documents which have no bearing on his claim – a fact which is averred to in the claim itself. The discovery rules are not there to satisfy mere curiosity or for fishing expeditions.

Johnson has failed to meet his burden, and accordingly, this Court should deny Johnson's motion.

---

[2] Johnson alleges that Ms. Dill informed him that he would likely face a sentence of 25 years' imprisonment upon conviction. Karen Johnson alleges that she met with Ms. Dill once during the pretrial preparation and was informed that the Government had offered a plea agreement to 25 years' imprisonment. Jessie Johnson similarly alleges that Ms. Dill informed her that the sentence would be 25 years' imprisonment.

### III. Conclusion

For all of the reasons previously outlined, the Government respectfully requests that this Court deny Johnson's motion seeking discovery.

    Respectfully submitted,

    Beth Phillips
    United States Attorney

By   */s/ Kathleen D. Mahoney*

    Kathleen D. Mahoney
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East 9th Street, Fifth Floor
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

    *Attorneys for Respondent*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed on February 19, 2009, to:

    Dayron T. Johnson
    Reg. No. 17701-045
    McCreary - U.S. Penitentiary
    P.O. Box 3000
    Pine Knot, Kentucky 42635

    */s/ Kathleen D. Mahoney*
    Kathleen D. Mahoney
    Assistant United States Attorney

-6-

Case 4:09-cv-00830-ODS   Document 21   Filed 02/19/10   Page 6 of 6