IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DAYRON T. JOHNSON
    Movant,

vs.                                    Civil No.: 09-00830-CV-W-ODS-P
                                      Criminal No.: 05-00029-03-CR- W-ODS

UNITED STATES OF AMERICA
    Respondent.
_____/

**PETITIONER'S SUR REPLY IN OPPOSITION TO RESPONDENT'S SUPPLEMENTAL AFFIDAVIT [D.E. 28]**

Comes now petitioner Dayron T. Johnson with this his Sur Reply to the government's supplemental affidavit submitted by Attorney Dill and in support provides as follows:

As a threshold matter, Petitioner presents a separate sworn affidavit attached hereto, where he states that he never saw the alleged June 27, 2006 letter attached supplemental affidavit of attorney Dill filed under D.E. 27. (See Exhibit A) The mere fact that the record is inconclusive based on the conflictive affidavits, will require this court to grant an evidentiary hearing to resolve the matter. *A subsequent affidavit from counsel will not suffice to establish a trial strategy, nor absolve the district court from the requirement of holding an evidentiary hearing. See Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990) and *United States v. Giardino*, 797 F.2d 30, 32 (1st Cir. 1986) and *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1978). Rather, "[t]he factual allegations ... relate ... primarily to purported occurrences outside the courtroom and upon which the record could,

1

therefore, cast no real light." *Machibroda v. United States,* 368 U.S. 487, 494-95, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962); *see Baumann v. United States,* 692 F.2d 565, 581 (9th Cir.1982); *United States v. Unger,* 665 F.2d 251, 254 (8th Cir.1981); *United States v. Marzgliano,* 588 F.2d 395, 399 (3d Cir.1978); *see also Bender v. United States,* 387 F.2d 628, 630 (1st Cir.1967) (per curiam) (counteraffidavit from allegedly ineffective attorney "could not conclusively disprove petitioner's allegations of [attorney's] extra-record misrepresentations").

Furthermore, petitioner presents that the veracity of attorney Dill's affidavit has now comes into question in light of the sequence of events of this case and the dates as to when those events took place. For example, allegedly attorney Dill wrote a letter dated June 27, 2006 where she advised Petitioner that the trial had been postponed until October 2nd since defendant Brandon's attorney must undergo surgery and will not be available for trial until that date. (D.E. 27)

However, a careful review of the Court's docket reveals that the teleconference call regarding the trial date did not occur until *July 5, 2006 between 2:30 and 2:50 p.m.* at which time the Court determined that Mr. Brandon's attorney, Mr. Houdek was not available for trial "due to medical problems." (D.E. 145 – Appendix B) The trial was then reset for November 6, 2006 not October 2, 2006 as counsel states in her sworn affidavit.

In light of the fact that counsel could not have known on June 27, 2006 that the Court would have extended the trial due to attorney Houdek's medical conditions until July 5, 2006, the accuracy and veracity of counsel's affidavit comes

2

into question. That within itself should shed some doubt as to whether counsel actually mailed Petitioner the letter alleging that he refuses entering a guilty plea.

Furthermore, attached as Exhibit C to this pleading are additional notes from counsel's files which established that counsel actually advised AUSA Amy Marcus that Petitioner would not accept a plea on June 21st, total of one week prior to counsel's letter to Petitioner, and over *two weeks prior* to the Court having addressing the teleconference hearing extending the date of the trial due to the co-defendant attorney's medical condition. Further creating some doubt on the veracity of the affidavit is the fact that the same was presented on a white sheet of paper and not in counsel's letterhead as was counsel's custom. (See Appendix D – Letters from Attorney Dill dated April 4, 2006, November 28, 2006, January 29, 2007, and April 26, 2007) This Court should question why every letter sent to Petitioner during the pretrial preparation was mailed on counsel's letterhead, and that for some unknown reason, January 27, 2006 letter does not bear counsel's letterhead. Also, this Court should question why the same was not filed with the original objections to the Title 28 U.S.C. § 2255 and only located after the court directed counsel to release a copy of her case notes. All these documents located after the fact have only created more questions than they have answered.

In sum, this Court should agree that based on the circumstances of this case and the obvious sequence of events that establish that there is a doubt as to the accuracy of the filed pleadings, that there is a reasonable doubt as to when the

documents were written and/or if they were even mailed. The granting of an evidentiary hearing is required in the instant case.

Done this 30th, April 2010

*D'J* (signature)

Dayron T. Johnson
Reg. # 17701-045
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635

## CERTIFICATE OF SERVICE

I hereby do certify that a true and correct copy of this pleading was mailed to: Kathleen D. Mahoney, Assistant United States Attorney, Charles Evans Whittaker Courthouse, 400 East Ninth Street, Suite 5510, Kansas City, Missouri 64106.

Done this 30th, April 2010

I hereby do certify that pursuant to Penalty of Perjury, Title 28 U.S.C. § 1746 that on this 30th day of April 2010 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

*D'J* (signature)

Dayron T. Johnson
Reg. # 17701-045
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DAYRON T. JOHNSON
       Movant,

vs.                              Civil No.: 09-00830-CV-W-ODS-P
                                Criminal No.: 05-00029-03-CR-W-ODS

UNITED STATES OF AMERICA
       Respondent.
_____/

## SWORN AFFIDAVIT OF PETITIONER DAYRON JOHNSON

Comes now petitioner Dayron T. Johnson with this his sworn affidavit pursuant to Title 28 U.S.C. § 1726 and in support presents as follows:

At no time during June 2006 or during any stage my pretrial preparation did I ever receive counsel's letter advising me that I would not enter into a guilty plea and that I wished to proceed to trial. Quite to the contrary, I was never advised by counsel of the possibility of pleading guilty without a plea agreement and receiving mitigation in my overall sentence prior to the filing of the 851.

Counsel never advised me that by entering a guilty plea, I would receive an adjustment for acceptance of responsibility and that I would receive a lesser sentence. I never saw the June 27, 2006 document that counsel is alleging in her supplemental affidavit and the first time that I ever saw this document was when I received the discovery from counsel's files.

At no stage during the pretrial preparation did counsel ever approach me and advise me of the repercussions of the 851, the application of the guidelines, and how

-D-

I could mitigate my overall sentence without a plea agreement being offered by the government.

Done this 30th day of April, 2010.

_DTJ_
Dayron T. Johnson

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.                                          Case No.   05-00029-02/04-CR-W-HFS

CARLOS R. BRANDON,
DAYRON JOHNSON and
WILLIAM CARTER

AUSAs: Gregg Coonrod & Amy Marcus
Defense Atty.: Bruce Houdek [not on phone] - C. Brandon
Susan Dill - D. Johnson
Melanie Morgan - W. Carter

| JUDGE | Robert E. Larsen<br>United States Magistrate Judge | DATE AND TIME | July 5, 2006<br>2:30/2:50 p.m. |
|---|---|---|---|
| DEPUTY CLERK | Sue Anderson-Porter | TAPE/REPORTER | #1/Sue Anderson-Porter |
| INTERPRETER | None | PRETRIAL/PROB: | |

## CLERK'S MINUTES

TELECONFERENCE REGARDING TRIAL DATE

**REMARKS:** Parties present in person and with counsel. The Court holds a teleconference regarding resetting the trial date for this case. The Court will appoint new counsel to replace Mr. Houdek, who represents Carlos Brandon, due to medical problems. The prosecutor names counsel who would be conflicts. The Court will attempt to reach James Brown regarding the appointment to replace Mr. Houdek. Upon agreement of counsel, the Court resets the trial date to November 6, 2006.



Wed
6/21

221-6767  RT MaryAnn.  LMRB

~~[redacted]~~

offer - 5,000
species - 34 57.50 × 2 = 6915
Lost wages         1771.88
                   ─────────
                   8686.88

~~[redacted]~~  Have paid med. bills.

~~[redacted]~~  RT Stuart.  LMRB

~~[redacted]~~  appear Div 43 -
est. paternity, amend birth certificate,
dismiss support, 100/mo. on
440 arrearage.

J.S  | D. Johnson |

Meet w/ Dawn re co-A statements.

~~A[...] [...]~~
out now. B. saw her.

Ask for drug treatment — 500 hour.

~~[scribbled]~~ $600 =
C cash
130

254 1543
913 254 0704
510 9245

Johnson
_____

※ RE Amy Marcus vs Dayton.
Told her no plea.

Rec. notice of pretrial conf.

Wed
June 28

~~[scribbled]~~
Appear B. No $. Left.

~~[scribbled]~~ B cont to 12/27.

# SUSAN L. DILL
ATTORNEY AT LAW
818 GRAND BLVD., SUITE 550
KANSAS CITY, MO 64106

LICENSED IN
MISSOURI AND
CALIFORNIA

(816) 221-9199
FAX (816) 221-9198
SUSANLDILL@AOL.COM

April 4, 2006

Mr. Dayron Johnson
CCA
100 Highway Terrace
Leavenworth, KS

RE: United States of America v. Dayron Johnson

Dear Mr. Johnson:

I have been appointed to represent you with regard to your pending federal drug and weapon charges.

Enclosed please find a copy of a Motion for Continuance filed today with the court.

I hope to review the government's file on Friday. I will then meet with you one day next week to go over your options. If you are able, please do not hesitate to contact me should you have questions.

I look forward to meeting and working with you.

Very truly yours,

Susan L. Dill

SLDL/rr

Enc.



SUSAN L. DILL
ATTORNEY AT LAW
1621 BALTIMORE
KANSAS CITY, MO 64108

LICENSED IN
MISSOURI AND
CALIFORNIA

(816) 221-9199
FAX (816) 421-3150

November 28, 2006

Dayron Johnson
St. Clair County Detention Center
P.O. Box 546
Osceola, MO 64776

RE: USA v. Johnson

Dear Dayron:

Enclosed please find a copy of the jury instructions that you requested.

We will be meeting with a probation officer for your presentence investigation interview on December 4. You'll be brought to Kansas City for this meeting.

You will probably be sentenced some time in January. We can not file an appeal until after you are sentenced.

I'll see you on the 4th. Call me if you have questions in the mean time.

Very truly yours,

Susan L. Dill

SLD/rr

SUSAN L. DILL
ATTORNEY AT LAW
1621 Baltimore Ave.
Kansas City, MO 64108
~~(816) 221-9199~~
FAX (816) 421-3150
SusanLDill@aol.com

January 29, 2007

Dayron Johnson
St. Clair County Detention Center
P.O. Box 546
Osceola, MO 64776

    RE:   USA v. Johnson

Dear Dayron:

Enclosed please find a copy of your presentence investigation report. Please review it and let me know if you see any inaccuracies that we should object to.

Very truly yours,

Susan L. Dill

SLD/rr

SUSAN L. DILL
ATTORNEY AT LAW
1621 BALTIMORE
KANSAS CITY, MO 64108

LICENSED IN
MISSOURI AND
CALIFORNIA

(816) 221-9199
FAX (816) 421-3150
SUSANLDILL@AOL.COM

April 26, 2007

Clerk of the Court
U.S. Court of Appeals
111 S. 10th St.
St. Louis, MO 63102-1116

    RE:    USA v. Dayron T. Johnson
             05-00029-03-W-ODS

Dear Clerk:

Notice of appeal in this case was filed April 25, 20007.

I was recently diagnosed with a large tumor in my uterus and have been advised to undergo a complete hysterectomy. Surgery is scheduled for June 6, 2007. It will not be known until that time whether the tumor is malignant and I will require additional treatment.

I am concerned that, under the circumstances, I will be unable to provide complete and effective service to my client. I am a solo practitioner and have no one in my office to assist me with the appeal.

For this reason, I am requesting that another panel attorney be appointed to provide representation to Mr. Johnson for the course of his appeal.

Very truly yours,

Susan L. Dill

SLd/rr