IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAYRON T. JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 09-0830-CV-W-ODS |
| ) | Crim. No. 05-00029-03-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255</u>

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied.

I. BACKGROUND

A jury convicted Movant of one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base (Count 1), one count of distributing cocaine base (Count 8), one count of possessing 50 grams or more of cocaine base with intent to distribute (Count 9), one count of being felon in possession of a firearm (Count 10), and one count of possession of firearms in relation to a drug trafficking crime (Count 11). Movant's criminal history subjected him to mandatory life imprisonment on Counts 1 and 9. This Court sentenced Movant to life imprisonment plus 5 consecutive years in prison. Movant's convictions and sentences were affirmed on direct appeal. *See U.S. v. Brandon*, 521 F.3d 1019 (8th Cir. 2008). The Supreme Court denied Movant's petition for writ of certiorari. *See Johnson v. U.S.*,129 S. Ct. 314 (2008). Movant timely filed his motion for postconviction relief under § 2255.

II.  DISCUSSION

The Court must grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Movant's claims of ineffective assistance of counsel require him to first show that trial counsel's representation "'fell below an objective standard of reasonableness.'"  *Padilla v. Kentucky*, 130 S. Ct. 1473, 1482 (2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  Movant must then show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id.* (quoting *Strickland*, 466 U.S. at 694).  The Court will evaluate each of Movant's three ineffective assistance claims separately.

   1.  *Failure to Recommend Plea of Guilty Before 21 U.S.C. § 851 Enhancement*

Movant received mandatory life imprisonment for conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base because he had at least two prior felony drug convictions.  *See* 21 U.S.C. § 841(b)(1)(A).  A sentencing court's authority to increase a sentence because of prior convictions is governed by 21 U.S.C. § 851, which states in part:

> (a) Information filed by United States Attorney
>
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless *before trial, or before entry of a plea of guilty*, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon.

(Emphasis added).  Counsel was appointed to represent Movant on March 30, 2006.  The government filed its § 851 information on October 26, 2006.  Movant contends counsel was ineffective because she failed to advise him that he could avoid a

2

mandatory life term if he pled guilty before October 26.  Movant asserts he would have pled guilty before the government filed their § 851 information if he had received this advice.[1]

The Court could find only one case evaluating whether counsel performed unreasonably by failing to advise a defendant to avoid an increased sentence under 21 U.S.C. § 851 by pleading guilty before the government filed for enhancement.  In *Stein v. U.S.*, No. 09-cv-398-JPG, 2010 WL 1325147, *4 (S.D. Ill. 2010), the district court rejected the prisoner's argument in part because "there [was] no way [the prisoner] could have pled guilty before the government had filed the enhancement."  The court explained,

> In order to plead guilty outside the court hearings set at the arraignment, a defendant must notify the Court he wants to plead guilty so that the Court can set a plea hearing.  Once such a hearing is noticed on the record, the government can file a § 851 information within hours.  It is a matter of drafting a simple document, inserting prior conviction facts that are readily available to the government through a routine criminal history check, and electronically filing the document via any computer with an internet connection.

*Id.* at *5 (footnote omitted).  The same is true here.  Once notice of the plea hearing was entered on the record, the government promptly could have filed a § 851 information.  Movant could not have avoided a mandatory life imprisonment by entering a plea guilty.  Movant has not established that counsel was ineffective for failing to advise him to plead guilty before the government filed its § 851 information.

*2. Failing to Present a Defense*

Movant next claims that counsel "fail[ed] to properly investigate and prepare this

---

[1] Movant's plea would have been "naked," *i.e.*, entered without benefit of an agreement.

case." Movant does not identify a specific investigation or defense counsel should have pursued; Movant only generally claims that counsel never prepared or attempted to prepare any defense in his case. This contention is belied by the fact that Movant was acquitted of three charges at trial. The Court indulges a strong presumption that counsel provided effective assistance. *See Strickland*, 466 U.S. at 689. Movant's vague claim that counsel provided no defense whatsoever at trial is contrary to the record and does not overcome the Court's presumption of effective assistance.

### 3. Failing to Call Witness

Movant argues counsel was ineffective for failing to call his grandmother, Jessie M. Johnson, to testify at trial. Movant has submitted an affidavit in which his grandmother indicates that she would have provided testimony to impeach Darneice Johnson, a coindictee who testified against Movant. Movant cannot show prejudice for counsel's failure to call his grandmother to testify. "[T]here is no prejudice if, factoring in the uncalled witnesses, the government's case remains overwhelming." *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010). Darneice was not the only witness whose testimony tended to establish Movant's involvement in a drug conspiracy between July 1, 2004, and December 8, 2004. Jessie Andrews, another coindictee, testified that he sold or gave Movant an ounce of cocaine or crack about once per week and once gave Movant four ounces of cocaine or crack. Andrews also testified that Movant sold drugs and had "access" to Andrews' several guns, which included a machine gun, an Uzi, and an SKS carbine. Moreover, the most damning evidence against Movant related to his involvement in drug dealing and a car chase on December 8, 2004, the date he was arrested. Movant was the passenger in the car from which drugs were sold to a confidential informant. Officers were forced to chase the car after attempting a stop, and the chase ended only after the car struck another law enforcement vehicle. Movant emerged from the vehicle holding a gun, but then threw the gun back in the car and ran before law enforcement captured him. 52.42 grams of cocaine base, two semiautomatic handguns, and an assault rifle subsequently were found in the car.

4

Detectives also testified that Movant said he wished he could have caught the officers alone and would have "start[ed] busting" or shooting at the officers but they were "too deep." In light of this overwhelming evidence, there is no reasonable probability that the result at trial would have been different if counsel had called Movant's grandmother to testify. Movant is not entitled to relief for ineffective assistance of counsel.

*4. Cumulative Error*

Movant's last argument is that the cumulative effect of counsel's errors deprived him of effective assistance of counsel. The Court has found no error to accumulate. Moreover, the Eighth Circuit has "repeatedly rejected the cumulative error theory of post-conviction relief." *U.S. v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (citation omitted). Each individual ineffective assistance of counsel claim "must stand or fall on its own." *See Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990). Movant's argument fails.

III. CONCLUSION

The Court denies Movant's motion for postconviction relief under 28 U.S.C. § 2255.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: June 2, 2010  UNITED STATES DISTRICT COURT