IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DAYRON T. JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civil No. 09-00830-CV-W-ODS-P |
| v. | ) | Crim. No. 05-00029-03-CR-W-ODS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
MOVANT'S MOTION FOR RECONSIDERATION**

The respondent, the United States of America, respectfully requests that this Court deny the motion, filed by the movant, Dayron T. Johnson, seeking reconsideration of the order denying 28 U.S.C. § 2255 relief. The Government offers the following suggestions in opposition to Johnson's motion:

**I. Procedural History**

Johnson was convicted of federal drug and firearm violations, and was sentenced to life imprisonment. Johnson appealed, and his conviction and sentence were affirmed. *United States v. Brandon*, 521 F.3d 1019, 1025-27 (8th Cir. 2008). Johnson filed a motion, pursuant to § 2255, seeking to vacate his conviction and sentence.

One of Johnson's primary claims alleged that his appointed attorney was ineffective in advising him regarding his plea options. That claim has gone through several mutations. Johnson originally claimed that defense counsel was ineffective for

advising him to reject a plea offer of 25 years' imprisonment. (D.E. 1 at 4; D.E. 8 at 29-34.) In response, the Government presented ample evidence that no plea offer had been extended to Johnson. (D.E. 11 at 6-8; D.E. 20.) Included with the responses were affidavits from Susan Dill, Ron Hall, and all three Assistant United States Attorneys who handled the case, including the chief of the narcotics unit, who was the lead prosecutor. (D.E. 11, Exhibit A; D.E. 20, Exhibits B, C, D, and E; D.E. 27.)

After the Government filed its response, Johnson filed a reply, amending his claim. (D.E. 28 at 1-3.) Despite his previous court-filed documents, specifically referencing alleged plea offers, Johnson insisted that he had never alleged that there was a plea offer, and blamed the Government for "attempt[ing] to misconstrue the argument." (D.E. 28 at 2-3.) Indeed, Johnson maintained that it was the Government who first brought up the idea of a plea offer or agreement (D.E. 28 at 3), despite the numerous references to such an offer or agreement in his memorandum of law and his initial § 2255 motion. (D.E. 1 at 4; D.E. 8 at 29-34.)

Johnson's amended claim alleged that defense counsel was ineffective for failing to schedule a change of plea hearing prior to the filing of the information alleging Johnson's prior felony drug convictions, pursuant to 21 U.S.C. § 851. (D.E. 28 at 2.) In that amended claim, Johnson presumed prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), by assuming that it would have been possible to avoid a life sentence had he pled guilty earlier. (D.E. 28 at 5.) Johnson therefore faulted his attorney for not trying to schedule the hearing.

This Court denied Johnson's § 2255 allegations, including the allegation in the amended claim. (D.E. 30 at 3.) In denying the amended claim, this Court noted that once a change-of-plea hearing was entered on the record, the Government could have filed the information within a matter of hours. This Court relied upon *Stein v. United States*, No. 09-CV-398-JPG, 2010 WL 1325147, *4-5 (S.D. Ill. 2010), which describes the ease that such a motion could be prepared, and the impossibility of pleading guilty without giving the Government a chance to file the § 851 notice. (D.E. 30 at 3.)

Johnson now has filed a motion seeking reconsideration, pursuant to Fed. R. Civ. P. 59(e), of the amended claim. (D.E. 33.) The Government does not dispute that the motion, though completely without merit under the law and applicable record of the proceeding, is timely under Rule 59(e).

## II. Argument and Authorities

In his motion for reconsideration, Johnson contends that this Court's holding, that the Government could have filed the information within hours of the change of plea hearing being entered on the record, is speculative. (D.E. 33 at 3.) Johnson contends that there is no evidence in the record that the Government would have filed the § 851 information if he had chosen to plead guilty, and characterizes the filing of such an information as requiring the Government to go "out of their way." (D.E. 33 at 3.) Johnson argues that nothing in the record reveals the Government's intentions on this matter. (D.E. 33 at 3.) Johnson attempts to distinguish the instant case from *Stein*, arguing that *Stein* included information about the Government's intentions that are not

present in this case. (D.E. 33 at 3.) Johnson therefore concludes that this Court should have held an evidentiary hearing to determine the Government's intentions. (D.E. 33 at 4-5.)

Contrary to Johnson's assertions, this Court's initial evaluation of the relevant facts and the applicable law is correct. This Court should reject Johnson's motion for reconsideration.

Johnson's argument that this Court is engaging in speculation is simply wrong. Johnson ignores the abundant evidence contained in the record establishing the Government's intention to seek the maximum penalty under the law. In the legal responses and the affidavits, the Government emphasized the defendant's danger to the community that necessitated this harsh-but-warranted punishment.

> The Government did not make Johnson a plea offer. The Government viewed the case facts acts as serious aggravating factors contradicting the advisability of offering a plea deal. Of particular note were the facts that Johnson attempted to elude police in a police chase, which endangered the public; struck a police van, endangering the police officers inside the vehicle; pointed a handgun with a long magazine at police officers, furthering endangered the officers. *Brandon*, 521 F.3d at 1021-23. In the vehicle, officers discovered two semiautomatic handguns and an assault rifle. *Id*. When apprehended, Johnson stated that he wished he could have caught them [the police officers] alone, and would have "start[ed] busting" or "unloaded" on them, but that the officers "ride too deep." *Id*. Add to that Johnson's extensive criminal history, which clearly demonstrates his unwillingness to rehabilitate himself and cease committing crimes.
>
> As a result of these facts, the Government determined to seek the maximum penalty, despite the likelihood that Johnson would seek a trial. The Government viewed the punishment as necessary to protect the public. Therefore, the Government never offered a plea to anything less.

-4-

> Johnson's only recourse was to plead guilty to the charges of the indictment *without* a plea agreement. Though Johnson could have avoided the trial, such a plea would not have altered the length of the sentence. The Government was committed to filing the information, which triggered the enhanced statutory penalty of life imprisonment. Indeed, the facts of this case demand the enhanced punishment provisions of § 841(b)(1)(A).

(Government's Response, D.E. 11 at 6-7) (emphasis in original).

> Early in this case, it was determined that the United States was not interested in making any plea offers to Mr. Johnson. This determination was made after reviewing the atypical facts regarding Mr. Johnson's criminal activities. Mr. Johnson pointed a gun at police officers following a high-speed chase, and verbally stated that he would have shot at officers if there had been fewer officers present. *In addition, Mr. Johnson had an extensive criminal history, which warranted a lifetime of incarceration.*

(Affidavit of Gregg Coonrod, D.E. 20, Exhibit B at 2) (emphasis added).

There is not a more specific statement regarding the Government's intention to file the § 851 enhancement even if Johnson had set a change of plea hearing because Johnson amended his claim after the initial allegations became untenable. As noted, Johnson's initial claim was that the Government had made a plea offer or extended an agreement to 25 years' imprisonment. Once the Government refuted Johnson's assertion that a plea offer had been made, Johnson completely abandoned the initial claim. Johnson then falsely blamed the Government for misconstruing the claim, despite the clear references in his pleadings to the fact of a plea offer or agreement. Johnson's amended claim lacks any credibility whatsoever.

Johnson's attempt to distinguish *Stein* from the instant case also fails. *Stein* does not provide any discussion of evidence that was present in that case but absent in Johnson's case. Indeed, the Government's intention was clearly established in the record of the proceeding. *Stein* notes the difficulty, indeed the impossibility, of sneaking a guilty plea past the Government before it can file the information. *Stein*, 2010 WL 1325147 at *5. *Stein* accurately relates the relative ease of filing such an information. *Id*. And as *Stein* aptly notes, the Government's decision not to offer to withdraw the § 851 information in exchange for a guilty plea proves that the Government was not interested in making any deals. *Id*.

Indeed, the record in this case demonstrates that the Government was not interested in making any deals, because the Government's attorneys provided sworn affidavits stating that no plea offers were to be accepted. The SAUSAs who assisted in the prosecution of the case stated that they received instructions not to accept any plea offers. The chief of the Narcotics Unit, who was ultimately in charge of the case, stated that he would not accept any sentence except life imprisonment for Johnson. This decision applied to not only to Johnson, but also to co-defendant Carlos Brandon. (D.E. 20, Exhibits B, C, D, and E.)

Johnson cannot prove ineffective assistance of counsel as elucidated in *Strickland*. As noted in prior responses, to prove ineffective assistance of counsel, Johnson must demonstrate "that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient

performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). The prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lawrence*, 961 F.2d at 115 (quoting *Strickland*, 466 U.S. at 694). If there is no reasonable probability that the outcome of the proceeding would have been different, then the movant fails to prove prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating that resolution of the prejudice inquiry will depend largely on the likelihood of success if the alleged error were corrected); *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

Johnson bases his prejudice claim on the unsupported supposition that the Government's attorneys might have been too apathetic or lazy to file the § 851 information. Johnson speculates that if had scheduled a change-of-plea hearing, the Government's attorneys might not have gone "out of their way" to file the § 851 information.

In other words, Johnson's prejudice proof is completely dependent upon a speculative failure of the Government to file the § 851 information. As a result, Johnson has failed to prove that the result of the proceeding would have been different. Johnson has only shown that the result of the proceeding might have been different, had

the Government failed to file the information. This falls far short of the standard required by the Supreme Court in *Strickland*. Johnson's prejudice prong also ignores the relative ease of filing the information, a fact of which this Court is well aware. *Stein*, 2010 WL 1325147 at *5.

Johnson's life sentence is entirely the product of Johnson's own actions. When police attempted to apprehend Johnson, he could have stopped the vehicle. Instead, he attempted to elude police; led them on a high-speed chase, endangering the pursuing officers and the public; struck a police van, again endangering the officers inside the vehicle; jumped out of the vehicle slinging a loaded handgun with an extended magazine; and only after deciding that there were too many police officers did Johnson discard the gun and flee on foot. *Brandon*, 521 F.3d at 1021-23. Johnson had two semiautomatic handguns and an assault rifle. *Id*.

After all that, when apprehended, Johnson threatened the officers, boasting that he wished he could have caught [the police officers] alone, and would have "start[ed] busting" or "unloaded" on them, but that the officers "ride too deep." *Id*. Ultimately, it was Johnson, through his actions and criminal history, who determined his own sentence. The Government simply initiated the procedures to ensure the appropriate sentence was legally required.

Johnson fails to read the writing on the wall. His life sentence is not the product of a mistake, negligence, or accident. The Government *intended* that Johnson would be incarcerated for the rest of his life. That intention was a deliberate and measured

-8-

decision, made after a thorough examination of all the facts of the criminal conduct and Johnson's extensive criminal history. Contrary to Johnson's discredited allegations, the Government's intention in this case was abundantly clear. Johnson's prejudice claims are based on speculation – what might have happened – and Johnson has failed to prove the results of the proceeding would have been altered.

This Court correctly concluded that Johnson's claim was without merit when denying the § 2255 motion. Johnson's renewed arguments are without merit. This Court should summarily deny Johnson's motion for reconsideration.

### III. Conclusion

For all of the reasons previously outlined, the Government respectfully requests that this Court deny Johnson's motion seeking reconsideration of the order denying relief under 28 U.S.C. § 2255.

Respectfully submitted,

BETH PHILLIPS
United States Attorney

By   /s/ Kathleen D. Mahoney

KATHLEEN D. MAHONEY
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was mailed on July 14, 2010, to:

        Dayron T. Johnson
        Reg. No. 17701-045
        McCreary - U.S. Penitentiary
        P.O. Box 3000
        Pine Knot, Kentucky 42635


        */s/ Kathleen D. Mahoney*
        Kathleen D. Mahoney
        Assistant United States Attorney

-10-

Case 4:09-cv-00830-ODS   Document 34   Filed 07/14/10   Page 10 of 10