IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAYRON T. JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 09-0830-CV-W-ODS |
| ) | Crim. No. 05-00029-03-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION FOR RECONSIDERATION (DOC. 33)

Movant has filed a motion for reconsideration of the denial of his 28 U.S.C. § 2255 motion. Since Movant is challenging the correctness of this Court's decision, the Court construes the motion as one to alter or amend the judgment under Fed. R. Civ. Pro. 59(e).

Movant has requested the Court to reconsider its holding that trial counsel was not ineffective for failing to recommend Movant plead guilty before the government filed for enhancement under 21 U.S.C. § 851.[1] The Court had held that pleading guilty would not have prevented the government from filing the § 851 notice because the government promptly could have filed it once notice of the plea hearing was entered on the record.

Movant argues reconsideration is warranted because nothing establishes the government *would* have filed the § 851 notice if he had pled guilty. Movant points to notes and a pretrial letter authored by his counsel as proof the government would have withheld the § 851 notice if he had pled guilty. But the letter only confirms that counsel informed Movant he would receive an adjustment for acceptance of responsibility and a lesser sentence if he pled guilty,[2] and the notes only show that counsel called the

---

[1] As highlighted in the Court's Order denying Movant's § 2255 motion, a § 851 notice must be filed before a defendant either pleads guilty or goes to trial.

[2] The § 851 notice had not yet been filed.

prosecutor and relayed Movant's decision that he would not plead. Neither the notes nor the letter suggest the prosecution was considering withholding the § 851 notice if Movant pled guilty.

Movant's ineffective assistance claim shows neither deficient performance nor prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). Movant's claim of deficient performance relies on hindsight in attempting to show that counsel was ineffective for not discussing with him the possibility the government would file an § 851 notice before the government did so. *See id.* 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .") It is undisputed that the prosecution never extended a plea offer to Movant, and the Court could find no case that imposed a duty on counsel to advise a defendant–in the absence of a plea offer–that a § 851 notice might be filed.

And more importantly, there is not a reasonable probability Movant could have avoided a life term if he had been advised of the § 851 notice beforehand and pled guilty. *See id.* at 694-95 (explaining prejudice). As this Court held in its Order denying Movant's § 2255 motion, the evidence admitted at trial against Movant was overwhelming, so the government had little incentive to forego enhancement in order to secure a conviction. And the fact that after the § 851 notice was filed the government did not offer to withdraw it in exchange for a guilty plea is further evidence the government was not amenable to such a bargain. *See Stein v. U.S.*, No. 09-cv-398-JPG, 2010 WL 1325147, *5 (S.D. Ill. 2010) (using this rationale to reject as speculative movant's notion that "an offer to plead guilty early would have garnered an agreement from the government not to file a § 851 information").

The evidence conclusively refutes Movant's ineffective assistance claim. See 28 U.S.C. § 2255(b) (stating standard for dismissal without evidentiary hearing). Movant's motion for reconsideration is denied.
IT IS SO ORDERED.

DATE: August 18, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT